■ In the Matter of MICHAEL J. FAHY, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered August 21, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the designating petition naming petitioner as a Republican Party candidate for the office of Member of Congress from the 25th Congressional District in the September 11, 1984 primary election.

In this proceeding, petitioner seeks to validate his designating petition which was invalidated by the State Board of Elections for lack of a sufficient number of valid signatures. It is generally agreed among all of the parties that 178 signatures necessary for validation are technically deficient and fail to comply with the requirements of sections 6-130 and 6-132 of the Election Law. In this proceeding, petitioner argues that despite the

errors and omissions contained in these 178 signatures, sufficient extrinsic evidence (as shown by the stenographer's record) existed before the Board of Elections in regard to the 178 signatures to cure or to correct the deficiencies on the face of the petition. Petitioner further contends that if this extrinsic evidence had been considered by the Board of Elections, the designating petition would have been validated, and that the failure to do so would violate section 1 of article I of the New York State Constitution.

Contrary to these contentions, the Court of Appeals has held that mandatory, uniform, strict compliance with the provisions of the Election Law, designed to facilitate the discovery of irregularities or fraud in designating petitions, is required in order to achieve the statutory objectives (*Matter of Rutter v Coveney,* 38 NY2d 993, 994). Insistence on such strict statutory compliance cannot be reviewed as involving any substantial obstacle or threat to the exercise of the constitutional right of franchise (see *Matter of Higby v Mahoney,* 48 NY2d 15, 20). Accordingly, the judgment should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.